# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| AVA GRAVES | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| NANCY SULLIVAN, ET AL. | * | NO: 4:06CV01710 SWW |
| | * | |
|     Defendants | * | |

## **ORDER**

Plaintiff Ava Graves brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants, private citizens and law enforcement officers, took her property in violation of her constitutional rights. Before the Court is Defendant Bradley Taylor's motion for attorneys' fees and costs (docket entry #8), Graves' response in opposition (docket entry #10), and Taylor's reply (docket entry #14). After careful consideration, and for the reasons that follow, Taylor's motion will be denied.

It is undisputed that plaintiff filed a lawsuit in state court based on the same claims she pursues in this case. That state-court action was dismissed without prejudice by order entered May 19, 2005, pursuant to Graves' motion. *See* docket entry #11, Ex. B. Separate defendant Bradley Taylor asserts that plaintiff dismissed the state-court action twelve days prior to trial, when discovery was nearly, if not totally, complete. He argues that, pursuant to Fed. R. Civ. P. 41(d), the Court should require that she pay his costs expended in the previously dismissed state-court action in addition to his reasonable attorneys' fees, and that this case be stayed pending payment.

Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceeding in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d).

Costs awarded under Rule 41(d) are intended to serve as a deterrent to forum shopping and vexatious litigation.[1] *Simeone v. First Bank Nat. Ass'n,* 971 F.2d 103, 108 (8th Cir. 1992)(citing James W. Moore et al., 5 *Moore's Federal Practice* ¶ 41.16 (2d ed. 1992)). Accordingly, costs awarded under the rule are properly limited to those that will be duplicated as a result of a repeated defense. Here, however, Taylor contends that Plaintiff should be required to pay all costs and attorneys' fees that he incurred in the state court action. The Court finds that the requested relief goes beyond the scope and of Rule 41(d) and that Taylor's motion should be denied.

IT IS THEREFORE ORDERED that Defendant Taylor's motion for costs and attorneys' fees (docket entry #8) is DENIED.

IT IS SO ORDERED THIS 27TH DAY OF MARCH, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states that she did not dismiss the state-court action with vexatious intent or for the purposes of forum shopping. According to Plaintiff, she non-suited the state-court action because she feared that Defendant Taylor would retaliate against her by pursuing criminal charges against her.