**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| AVA GRAVES | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| NANCY SULLIVAN, ET AL. | * | NO: 4:06CV01710  SWW |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

Plaintiff Ava Graves ("Graves")  brings this action pursuant to 42 U.S.C. § 1983, claiming that  Defendants--private citizens, law enforcement officers, and the DeValls Bluff Police Department--took her property in violation of her constitutional rights.  Before the Court is Separate Defendant Lana Roach's  motion for attorneys' fees and costs (docket entry #19) and Graves' response in opposition (docket entry #23).  Also before the Court is Separate Defendant DeValls Bluff Police Department's motion to dismiss (docket entry #6).  The time for responding to the motion to dismiss has passed, and Graves has not filed a response.  After careful consideration, and for the reasons that follow, Defendant Roach's motion for attorneys' fees and costs will be denied, and Defendant DeValls Bluff Police Department's motion to dismiss will be granted.

I.

It is undisputed that Graves filed a lawsuit in state court based on the same claims she pursues in this case.   That state-court action was dismissed without prejudice by order entered

May 19, 2005, pursuant to Graves' motion. *See* docket entry #11, Ex. B.   Defendant Roach asserts that Graves voluntarily dismissed the state-court action when the litigation was fully developed and ready for trial.   She argues that, pursuant to Fed. R. Civ. P. 41(d), the Court should require that Graves pay her costs expended in the previously dismissed state-court action in addition to her reasonable attorneys' fees, and that this case be stayed pending  payment.

Rule 41(d) provides:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceeding in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d).

Costs awarded under Rule 41(d) are intended to serve as a deterrent to forum shopping and vexatious litigation.[1]   *Simeone v. First Bank Nat. Ass'n,*  971 F.2d 103, 108 (8th Cir. 1992)(citing James W. Moore et al., 5 *Moore's Federal Practice* ¶ 41.16 (2d ed. 1992)). Accordingly, costs awarded under the rule are properly limited to those that will be duplicated as a result of a repeated defense.   Here, Defendant Roach contends that Graves should be required to pay all costs and attorneys' fees that she incurred in the state court action.   The Court finds that the requested relief goes beyond the scope and of Rule 41(d) and that Roach's motion should be denied.

II.

---

[1]Plaintiff states that she did not dismiss the state-court action with vexatious intent or for the purposes of forum shopping.  According to Plaintiff, she non-suited the state-court action because she feared that Defendant Taylor would retaliate against her by pursuing criminal charges against her.

In support of its motion to dismiss, Defendant Devalls Bluff Police Department asserts that it is not an entity subject to suit. The capacity to sue or be sued is determined by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Arkansas law, political subdivisions, including cities, are empowered to sue and be sued, *see* Ark. Code Ann. § 14-54-101, but police departments are merely divisions or departments of political subdivisions, without the capacity to sue or be sued. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 81 (8th Cir.1992)("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government.").

The Court agrees that the Devalls Bluff Police Department is not subject to suit and must be dismissed as a party to this action.

### III.

For the reasons stated, Separate Defendant Roach's motion for attorneys' fees and costs (docket entry #19) is DENIED, and Separate Defendant Devalls Bluff Police Department's motion to dismiss (docket entry #6) is GRANTED. The DeValls Bluff Police Department is dismissed as a party to this action.

IT IS SO ORDERED THIS 7TH DAY OF MAY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE